IN THE UNITED STATES DISTRICT COURT FOR THE FILED
EASTERN DISTRICT OF OKLAHOMA

DEC 1 4 2009

WILLIAM B. GUTHRIE
Clerk, U.S District Court
By_____
Deputy Clerk

HOSEA J. JONES, )
)
Petitioner, )
)
v. ) Case No. CIV 07-080-JHP-KEW
)
BRUCE HOWARD, Warden, )
)
Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma, is challenging the revocation of his suspended sentences in Muskogee County District Court Case No. CF-01-386B for First Degree Attempted Burglary and in Muskogee County District Court Case No. CF-01-533A for Use of a Vehicle in Discharge of Weapon. He sets forth two grounds for relief:

I.  Although the Shooting with Intent to Kill accusation was the basis for the revocation, that accusation was dropped, so what's the probable cause to revoke probation? There wasn't and still isn't any cause.

II. Due process of law being violated by not holding the hearing within 20 days.

The record shows that petitioner sought a direct appeal of the revocation of his suspended sentences in the Oklahoma Court of Criminal Appeals (OCCA) which denied relief. The OCCA set out the history of the case in its Order Denying Revocation Appeal:

> On July 29, 2005, the State filed the first motion to revoke [petitioner's] suspended sentences alleging that, on or about July 18, 2005, he had violated probation by aiding/encouraging Joshua Anderson to shoot Roy Thompson, Jr.,

by telling Anderson to shoot Thompson, and if Anderson didn't, [petitioner] would. On September 19, 2005, [petitioner] was arrested and entered a plea to that first motion to revoke. On October 6, 2005, Judge Norman entered a Minute Order noting [petitioner] appeared *pro se* and that indigent defense should be appointed for tomorrow. On October 7, 2005, Judge Norman entered a Minute Order noting [petitioner] was represented by Larry Vickers, and allowing the State to dismiss the first motion to revoke [petitioner's] suspended sentences without prejudice to refiling.

On October 19, 2005, the current (second) motion to revoke [petitioner's] suspended sentences was filed, again alleging that, on or about July 18, 2005, [petitioner] had violated probation by aiding/encouraging Joshua Anderson to shoot Roy Thompson, Jr., by telling Anderson to shoot Thompson, and if Anderson didn't, [petitioner] would. Also on October 19, 2005, [petitioner] was determined to be indigent with Larry Vickers appointed as his attorney, and the revocation hearing was scheduled for November 1, 2005. On November 1, 2005, the Court Minute noted [petitioner], represented by Larry Vickers, waived the 20-day rule, and the revocation hearing was reset on November 8, 2005.

On November 8, 2005, the revocation hearing was held before Judge Norman. [Petitioner] was represented at the revocation hearing by both Larry Vickers and John Mack Butler. After both parties had presented their evidence and rested, the matter was continued to allow [petitioner] to find some legal authority on an issue. On November 17, 2005, the revocation hearing resumed. At the conclusion of arguments, Judge Norman revoked [petitioner's] suspended sentences in full.

*Jones v. State*, No. RE-2005-1180, slip op. at 1-2 (Okla. Crim. App. Feb. 20, 2007). The OCCA's findings of fact are presumed correct, unless the petitioner rebuts them by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

## Ground I

Petitioner claims in Ground I that his probation should not have been revoked, because the Shooting with Intent to Kill accusation was dropped. The respondent alleges this issue is unexhausted, but it should be denied on the merits, pursuant to 28 U.S.C. §

2

2254(b)(2).

Petitioner claimed in his direct appeal that his "mere words of encouragement" to Joshua Anderson to shoot Roy Thompson, Jr., were insufficient to show he aided and abetted Anderson in committing the crime of Shooting with Intent to Kill, so the evidence was insufficient to support revocation of his suspended sentences. (Docket #10, Exhibit 1 at 25). After the State filed its appellate response brief, petitioner filed a reply brief in which he stated that the charge of Shooting with Intent to Kill was dismissed by the State on November 3, 2006. (Docket #10, Exhibit 3 at 3-4). He, however, made no argument that the dismissal of the charge that was the basis for the revocation affected the validity of the evidence presented in support of the revocation.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). When faced with a habeas petition that contains an unexhausted claim, however, a federal court may choose to deny the petition on the merits, rather than dismissing it for failure to exhaust. 28 U.S.C. § 2254(b)(2); *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002); *see also Fields v. Gibson*, 277 F.3d 1203, 1217-18 (10th Cir.), *cert. denied*, 537 U.S. 1023 (2002) (stating that the appellate court need not review the district court's finding of procedural bar, because the claim clearly failed on the merits).

In Oklahoma the applicable standard for revoking a suspended sentence is a preponderance of the evidence. *See United States v. Cantley*, 130 F.3d 1371, 1376 (10th Cir. 1997) (recognizing Oklahoma's preponderance of the evidence standard); *Morishita v. Morris*, 702 F.2d 207, 210 (10th Cir. 1983) (probation revocation is based on preponderance of evidence that accused violated terms of his suspension). The fact that petitioner's

3

underlying charge of Shooting with Intent to Kill was dismissed does not undermine the validity of the revocation of his suspended sentences, because the State proved by a preponderance of the evidence that he violated his probation.

The State charged petitioner in its Motion to Revoke Suspended Sentence with violating his probation by having "aided/encouraged" his cousin Joshua Anderson to shoot Roy Thompson, Jr., and by telling Anderson to shoot Thompson, and if Anderson didn't, [petitioner] would. "Aiding and abetting in a crime requires the State to show that the accused procured the crime to be done, or aided, assisted, abetted, advised, or encouraged the commission of the crime." *Banks v. State*, 43 P.3d 390, 397 (Okla. Crim. App. 2002) (citations omitted), *cert. denied*, 537 U.S. 1126 (2003). "[O]nly slight participation is needed to change a person's status from a mere spectator to an aider and abettor." *Powell v. State*, 995 P.2d 510, 524 (Okla. Crim. App.) (citations omitted), *cert. denied*, 531 U.S. 935 (2000)..

The OCCA found on direct appeal that the State presented sufficient evidence to prove petitioner violated his probation:

> Judge Norman not only had the testimony of the victim, but also the testimony and report of Officer Martin and the report of [petitioner's] probation officer, to find [petitioner] had violated the probation as alleged in the motion to revoke. Probation violations need only be shown by a preponderance of the evidence. *Fleming v. State*, 760 P.2d 206, 207 (1988). [Petitioner] has not established Judge Norman's decision was clearly erroneous or clearly against the logic and effect of facts presented in support of and against the motion to revoke. *W.C.P. v. State*, 791 P.2d 97, 100 (1990).

*Jones*, No. RE-2005-1180, slip op. at 5.

To the extent petitioner's Ground I is a restatement that the evidence was insufficient to show he had violated the terms of his probation, the OCCA considered and found no merit in the claim, and under the applicable federal habeas corpus statutes, habeas corpus relief is

4

proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F. 2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). As discussed above, however, there is a lowered standard of proof when showing a suspended sentence should be revoked. Therefore, the standard for petitioner is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found he violated the terms and conditions of his suspended sentences, as proven by a preponderance of the evidence. *See Jackson*, 443 U.S. at 319. Based on this standard, the court finds the OCCA's determination of this issue was consistent with federal law.

To the extent petitioner actually is presenting an unexhausted claim that his suspended sentences should not have been revoked because the Shooting with Intent to Kill accusation was dropped, the claim fails on the merits. The OCCA has held that when the charge used to revoke a suspended sentence is dismissed and never pursued to a final conviction, the

5

revocation is valid when it "was based on competent evidence presented to the trial court and the evidence presented met the required quantum of proof 'by a preponderance of evidence.'" *Moore v. State*, 644 P.2d 1079, 1080 (Okla. Crim. App. 1982) (quoting *Phipps v. State*, 529 P.2d 998, 1001 (Okla. Crim. App. 1974)). The OCCA has further characterized the issue as follows:

> A revocation hearing on a suspended sentence is unique to most criminal hearings. This hearing is an exercise of the court's supervision over a probationer. The court maintains continuing jurisdiction via a judgment and sentence which imposes subsequent conditions upon defendant's freedom, conditions to which defendant agrees to abide. There is no adjudication of guilt or innocence upon the court's entry of its order upon an application to revoke. The court has only made a factual determination involving the existence of a violation of the terms of the suspended sentence. The consequence of judicial revocation is to execute a penalty previously imposed in the judgment and sentence.

*Moore*, 644 P.2d at 1081 (quoting *Marutzky v. State*, 514 P.2d 430 at 431 (Okla. Crim. App. 1973)).

Here, the court finds that Ground I, when construed as an unexhausted claim, fails on the merits. 28 U.S.C. § 2254(b)(2). State law dictated that the dismissal of the Shooting with Intent to Kill charge did not invalidate the revocation of petitioner's suspended sentences, when the evidence of the violation was shown by a preponderance of the evidence.

## **Ground II**

Petitioner alleges in Ground II that he was denied due process, because his revocation hearing was not held within 20 days after entry of his not guilty plea to the application to revoke his suspended sentences. The respondent asserts this claim is an issue of state law that is not cognizable in a federal habeas proceeding.

The OCCA considered and denied the issue as follows:

6

> [Petitioner] claims the State violated the "20-day" rule governing revocation hearings under Okla. Stat. tit. 22, § 991b(a); as a result, the District Court was without jurisdiction to issue an order revoking the suspended sentences in this case in violation of Oklahoma statutes and Jones's right to due process of law under the Oklahoma Constitution, Art. II, § 7, and the Fourteenth Amendment to the United States Constitution. . . .
>
> Contrary to [petitioner's] proposition, the revocation hearing in this case was held within the 20-day period provided by Okla. Stat. tit. 22, § 991b(A). The applicable motion to revoke suspended sentence was filed on October 19, 2005. On November 1, 2005, [petitioner] waived the 20-day requirement, and the hearing was rescheduled. The revocation hearing was held on November 8, 2005, within 20 days from October 19, 2005. [Petitioner's] contention that his 20-day period should start on September 19, 2005, is without merit, because Section 991b(A) was amended to allow an application to revoke to be dismissed one time. [Petitioner] never objected or argued to the District Court that there was not good cause to dismiss the first application, and has thus not preserved that argument for review. In any event, the appeal record indicates good cause to dismissing the first application because [petitioner] was not timely obtaining counsel.

*Jones*, No. RE-2005-1180, slip op. at 2-4.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). "Habeas corpus is a civil proceeding and the burden is upon the petitioner to show by a preponderance of the evidence that he is entitled to relief." *Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (citing *Teague v. Looney*, 268 F.2d 506 (10th Cir. 1959)). This court is "bound to accept the Oklahoma court's construction of its state statutes." *Dennis v. Poppel*, 222 F.3d 1245, 1257 (10th Cir. 2000), *cert. denied*, 534 U.S. 887 (2001). Ground II of this petition, therefore, fails.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 14th day of December 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE